UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CR-20110-COOKE

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MARCO HERNANDEZ,

      Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** is before the undersigned upon an *ore tenus* Order of Reference from the Honorable Marcia G. Cooke, United States District Judge for the Southern District of Florida, to conduct a hearing for acceptance of a guilty plea by the defendant in the above-referenced case. This Court, having conducted a change of plea hearing on June 22, 2011 [ECF No. 98], makes the following recommendation:

    1.    On June 22, 2011, this Court convened a hearing to permit Defendant to enter a change of plea in this case. This Court advised Defendant of the right to have these proceedings conducted by the District Judge assigned to the case. Further, this Court advised Defendant that this Court was conducting the change of plea hearing on an Order of Reference from the District Court and at the agreement of Defendant, defense counsel, and the Assistant United States Attorney assigned to the case. This Court further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

CASE NO.: 11-CR-20110-COOKE

2. This Court advised Defendant that Defendant did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could require that the change of plea hearing be conducted only by a United States District Judge. Defendant, defense counsel, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing.

3. This Court conducted a plea colloquy as to Defendant in accordance with the outline set forth in the Bench Book for District Judges (5th Edition).

4. There is no written plea agreement in this case. Defendant pled guilty to Counts 1, 2, 3, 4, 5, and 6 set forth in the Indictment as follows:

Count 1

From on or about December 16, 2010, and continuing through on or about January 27, 2011, in Miami-Dade County, in the Southern District of Florida, the defendants, ... MARCO HERNANDEZ ..., did knowingly and intentionally combine, conspire, confederate, and agree with each other to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as the term "commerce" is defined in Title 18, United States Code, Section 1951(b)(3), by robbery, as the term is defined in Title 18, United States Code, Section 1951(b)(1), in that the defendants did agree with each other to unlawfully take and obtain property from persons against their will, by means of actual and threatened force, violence, and fear of injury to said persons, in violation of Title 18, United States Code, Section 1951(a).

Count 2

On or about January 27, 2011, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants, ... MARCO HERNANDEZ ..., did knowingly and unlawfully attempt to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as the term "commerce" is defined in Title 18, United States Code, Section 1951(b)(3), by robbery, as the term is defined in Title 18, United States Code, Section 1951(b)(1), in that the defendants did attempt to unlawfully take and obtain property from persons against their will, by means of actual and threatened force, violence, and fear of injury to said persons, in violation of Title 18, United States Code, Section 1951(a) and 2.

CASE NO.: 11-CR-20110-COOKE

Count 3

From on or about December 16, 2010, and continuing through on or about January 27, 2011, in Miami-Dade County, in the Southern District of Florida, the defendants, ... MARCO HERNANDEZ ..., did knowingly and intentionally combine, conspire, confederate, and agree with each other and other persons unknown to the Grand Jury to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(ii), it is further alleged that this violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine.

Count 4

On or about January 27, 2011, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants, . . . MARCO HERNANDEZ . . ., did knowingly and intentionally attempt to posses with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(ii), it is further alleged that this violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine.

Count 5

On or about January 27, 2011, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants, . . . MARCO HERNANDEZ . . ., did knowingly carry a firearm and in relation to a crime of violence and a drug trafficking crime, and did knowingly possess a firearm in furtherance of a crime of violence and a drug trafficking crime, which are felonies prosecutable in a court of the United States, specifically, violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 1951(a), as set forth in Counts 1, 2, 3, and 4 of this Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

It is further alleged that said firearms were:

(a)     one (1) Glock Model 26, 9 mm caliber firearm;

CASE NO.: 11-CR-20110-COOKE

(b)  one (1) Walther PPK, .380 caliber firearm; and
(c)  one (1) Arminius Model HW5T, .32 caliber firearm.

Count 6

On or about January 27, 2011, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants, . . . MARCO HERNANDEZ . . ., did knowingly possess a firearm and ammunition in and affecting interstate commerce, in violation of Title 18, United States Code, Section 922(g)(5)(A).

It is further alleged that said firearms and ammunition were:
(a)  one (1) Glock Model 26, 9 mm caliber firearm;
(b)  one (1) Walther PPK, .380 caliber firearm;
(c)  one (1) Arminius Model HW5T, .32 caliber firearm;
(d)  six (6) rounds Fiocchi .380 caliber ammunition;
(e)  fifteen (15) rounds Winchester-Western .32 caliber ammunition;
(f)  ten (10) rounds Winchester 9 mm caliber ammunition; and
(g)  thirteen (13) rounds Federal 9 mm caliber ammunition.

5.  The government stated a factual basis for the entry of the plea, which included all of the essential elements of the crimes to which Defendant is pleading guilty, and any sentencing enhancements and/or aggravating factors that may be applicable. The government also announced the possible maximum penalty in respect to the Indictment. Defendant acknowledged the possible maximum penalty which could be imposed in this case.

6.  Based upon all the foregoing and the plea colloquy conducted by this Court, the undersigned recommends to the District Court that Defendant be found to have freely and voluntarily entered a guilty plea to Counts 1, 2, 3, 4, 5, and 6 of the Indictment, as more particularly described herein, and that Defendant be adjudicated guilty of those offenses.

7.  A pre-sentence investigation is being prepared for the District Court by the United States Probation Office, and sentencing for Defendant has been set for **Wednesday, August 31, 2011, at 10:30 a.m., at the United States District Court, Southern District of Florida, in the Wilkie**

CASE NO.: 11-CR-20110-COOKE

D. Ferguson, Jr., United States Courthouse, Courtroom 11-2, 400 North Miami Avenue, Miami, Florida 33128.

**ACCORDINGLY**, the undersigned **RECOMMENDS** to the District Court that Defendant's plea of guilty be accepted, that Defendant be adjudicated guilty of the offenses to which the plea of guilty has been entered, and that a sentencing hearing be conducted for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with United States District Judge Marcia G. Cooke. Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F.2d 1144 (11th Cir. 1993); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988).

**DONE AND SUBMITTED** at Miami, Florida, this 28 day of June 2011.

WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Marcia G. Cooke
Counsel of Record
United States Probation, U.S. District Court